UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:16-CR-00017-TBR-LLK

UNITED STATES OF AMERICA                                                PLAINTIFF / RESPONDENT

v.

COREY A. THORSON                                                          DEFENDANT / MOVANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Corey A. Thorson's amended motion to vacate his sentence under 28 U.S.C. § 2255. (Docket # 160.) The Court referred the matter to the undersigned Magistrate Judge "pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact, conclusions of law, and recommendations on any dispositive matter." (Docket # 91.)

Movant's amended Section 2255 motion raises four claims of ineffective assistance of trial counsel. For the reasons below, an evidentiary hearing is required on claim four (only). Following the hearing, the undersigned will submit a report and recommendation to the District Judge concerning all claims.

**Claims one through three appear to be without meritless.**

The Court sentenced Movant at the lowest end of the applicable Guidelines range, which the Court determined was 51 months' imprisonment.[1] (Docket # 123 at 66.) Additionally, the Court ordered Movant to pay restitution in the amount of $109,064.94 ($74,809.78 for B.D.H. and $34,255.16 for State Farm). (*Id.* at 42, 59, 60.) Movant's first claim is that counsel was ineffective because Movant "was misled by [counsel] as to his potential sentence." (Docket # 160 at 3.) Specifically, counsel allegedly assured

---

[1] Movant has not alleged or proven that the Court erred or abused its discretion in determining that his Guidelines-minimum sentence was 51 months' imprisonment.

Movant that he would "receive no more than 39 months in prison" and "would owe no more than $75,000 in restitution." (*Id.*) The allegation apparently is refuted by the terms of the written plea agreement,[2] Movant's own testimony at his change of plea hearing,[3] and counsel's affidavit.[4] In any event, even if counsel did mislead Movant regarding his potential sentence, the mis-advice apparently was not prejudicial. This is because, assuming for the sake of argument that, if counsel had told Movant he would likely be sentenced to 51 months / $109.064.94, and further assuming that Movant would have insisted on proceeding to trial; it appears that Movant still would have been sentenced (following trial) to 51 months / $109,064.94 or worse.[5]

Movant's second claim is that counsel was ineffective because counsel "was not responsive to [Movant's] requests to take action to aid in mitigation" of his sentence. (Docket # 160 at 4.) The substance of the claim is that counsel was ineffective for not assisting Movant and certain family members to obtain discovery of varies items of evidence (information), which may or may not have resulted in a more favorable Guidelines calculation. Movant is unclear exactly what he thinks he could have discovered with counsel's assistance, and he neither alleges nor proves that this information would have changed the Court's Guidelines calculation or the sentence it imposed.

---

[2] The written plea agreement stated that Movant "understands the Court will independently calculate the Guidelines at sentencing and [Movant] may not withdraw the plea of guilty" if the Court's calculation is less favorable than he anticipated. (Docket # 29 at Paragraph 11.) Additionally, Movant agreed that "[n]o other promises or inducements have been or will be made to [him] in connection with this case, nor have any predictions [regarding the Guidelines calculations and his sentence] or threats been made in connection with this plea." (*Id.* at Paragraph 18.)

[3] At the change of plea hearing, Movant testified that he was not pleading guilty based on any promise from his attorney about the Guidelines calculations and that he understood that, even if, at sentencing, the Court's calculations are less favorable than he anticipated, he will remain bound to his guilty pleas. (Docket # 121 at 13-14.)

[4] According to counsel's affidavit, counsel and Movant "had several conversations regarding the possible sentence that would ultimately be imposed by the District Court Judge." (Docket # 164-1, Paragraph 2.) However, "I did not guarantee that he would receive a particular sentence." (*Id.*)

[5] "In sum, the proper inquiry requires a defendant to show both that he would have rejected his plea and gone to trial and that he would likely have obtained a more favorable result in the end." *Lee v. United States*, 137 S.Ct. 1958, 1970-71 (2017).

Movant's third claim is that counsel was ineffective because counsel "did not address errors in the Presentence Report ('PSR') brought to his attention by [Movant]." (Docket # 160 at 5.) The only specific error Movant alleges is that the PSR notes that Plaintiff has a "pending" misdemeanor charge of harassing communications, with a "pretrial conference scheduled for April 2, 2017." (*Id.* at 6 referencing Docket # 44 at 16.) According to Movant, the "pending" charge was, in fact, dismissed on April 20, 2017. (*Id.*) Movant neither alleges nor proves that this "error" had any impact on the Court's Guidelines calculations or the sentence it imposed.[6]

**Claim Four**

Movant's fourth claim is that counsel was ineffective because counsel "did not act upon [Movant's] request to assist with his [direct] appeal in a timely fashion." (Docket # 160 at 6.) Specifically, following imposition of sentence on May 19, 2017, and in the presence of Movant's wife, children, late grandfather, mother, and step-father, Movant allegedly spoke with counsel and "made clear his desire to appeal the Court's Judgment." (*Id.*) In contrast to Movant's version of events, counsel's affidavit states that on May 19, 2017, Movant "did **not** *(emphasis added)* indicate a desire to appeal." (Docket # 164-1 at Paragraph 4.)

According to counsel, "[o]n May 26, 2017, after [Movant's] sentencing hearing, I sent [Movant] a letter … advising him of his appellate rights." (*Id.*) A copy of the letter is at Docket # 164-3. The last sentence of the letter states: "Please complete the enclosed form indicating your decision regarding an appeal and return it to us in the enclosed self-addressed stamped envelope prior to JUNE 1, 2017 which is the next to the last day for filing a notice of appeal." (*Id.*) According to Movant, the letter did not reach him at Grayson County Jail "until on or about June 4, 2019." (Docket # 160 at 7.) According to counsel, even if the appeal time had passed, "we still would have been able to file a motion for an extension of

---

[6] To the extent Movant claims the "error" adversely impacted his conditions of confinement (based on Bureau of Prisons policy), that claim is not cognizable in the present Section 2255 motion, which concerns only the legality of the sentence the Court imposed.

3

time to appeal." (Docket # 164-1 at Paragraph 4.) "However, even though [Movant] contacted this office after the sentencing, he never indicated a desire to appeal." (*Id.*)

In other words, Movant claims that counsel was ineffective because counsel did not file an appeal as directed on May 19, 2017, "or in the alternative, [counsel should have] made efforts to contact [Movant by letter] in a manner that would allow for the timely filing of a Notice of Appeal." (Docket # 160 at 7.) Counsel's position is that he was not ineffective because Movant "did not indicate a desire to appeal" (Docket # 164-1 at Paragraph 4) on May 19, 2017 or during subsequent contact(s) with counsel's office and because Movant bears the consequence of Movant's false assumption that it was necessarily too late to file an appeal.

**An evidentiary hearing appears to be necessary on claim four.**

The United States' responses to Movant's fourth claim are somewhat inconsistent. In its response in opposition to Movant's amended Section 2255 motion, the United States argues that counsel "was not ineffective for failing to file a direct appeal because in fact an appeal on this basis had been waived by virtue of the Plea Agreement." (Docket # 164 at 10 referencing Plea Agreement at Docket # 29, Paragraph 12.) According to Paragraph 12 of the Plea Agreement:

> 12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

(Docket # 29, Paragraph 12.)

In his original Section 2255 motion, Movant raised essentially the same claim, alleging "ineffective assistance of counsel" for "failure to file a Notice of Appeal." (Docket # 89, at 4.) In its response, the United States conceded that, notwithstanding the Paragraph 12 waiver, "an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." (Docket # 113 at 13-14)

4

(quoting *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012)). "[A]n attorney who fails to file an appeal on behalf of a client who specifically requests one acts in a per se professionally unreasonable manner," and "prejudice is presumed without [Movant] showing a likelihood of success on appeal." (*Id.* at 13) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 483 (2000). "Whether such a direction [to file an appeal] was given and ignored by his attorney is a question of fact this Court must resolve by hearing from [Movant's] attorney." (*Id.*)[7]

The United States' original response appears to be the correct one. *Carrion v. United States* illustrates the principle that, notwithstanding an appeal waiver in a written plea agreement, where there is an ineffectiveness claim premised on an allegation that counsel disregarded a specific instruction to file an appeal, an evidentiary hearing is generally required. *Carrion v. United States*, 107 F. App'x 545 (6th Cir. 2004). Carrion waived his right to appeal except to challenge his criminal history category or an upward departure from the parties' recommended sentence. In his subsequent Section 2255 motion, Carrion claimed that counsel was ineffective for not filing an appeal after telling Carrion he would do so. The District Court found that counsel could not have been ineffective for not filing an appeal in light of the appeal waiver and the fact that the District Court assigned Carrion the lowest criminal history and did not depart upward from the recommended sentence. The Sixth Circuit reversed, finding that the District Court "wrongly concluded that Carrions' appeal waiver precluded him from pursuing an appeal." *Id.* at 547. "Carrion's likelihood of success on appeal is not a factor in determining whether he received ineffective assistance of counsel." *Id.* The Sixth Circuit remanded the matter for an evidentiary hearing

---

[7] Despite these concessions, the United States insisted it "would still be able to rely on [the Paragraph 12] Plea Agreement waiver" on direct appeal, and this would likely result in a "hollow 'victory'" for Movant. (*Id.* at 14.) The United States suggestion that any victory by Movant regarding his lost appeal would likely ring hollow finds support in *United States v. Watkins*, 603 F. App'x 387, 392 (6th Cir. 2015), wherein Watkins, notwithstanding an appeal waiver similar to Paragraph 12 in the present case, obtained a belated appeal only to have the appellate court hold that "Watkins's appeal waiver bars our review."

to determine "whether Carrion actually asked counsel to perfect an appeal." *Id.* "If he did and counsel disregarded the request, Carrion will be entitled to a delayed appeal." *Id.*

The Court has located two cases from this Court that are consistent with *Carrion* and further illustrate the general rule of necessity of an evidentiary hearing notwithstanding waiver language. These cases had Paragraph 12 waiver provisions identical to the one in this case. *United States v. Morris*, No. 1:13-CR-00039-GNS-HBB, Docket # 24, Paragraph 12; *United States v. Motley*, 5:14-CR-00004-TBR, Docket # 67, Paragraph 12.

Morris filed a Section 2255 motion claiming that counsel was ineffective for disregarding his specific instruction to file an appeal. (*Morris*, Docket # 36 at 5.) Although the United States "point[ed] out pursuant to his plea agreement Morris waived his right to appeal," neither it nor the Court treated the waiver as dispositive of Morris' ineffectiveness claim. (*Morris*, Docket # 58 at 24.) The Court held an evidentiary hearing on the matter and concluded that the claim was without merit because counsel's testimony was more credible than Movant's. (*Morris*, Dockets # 53, 78.)[8]

Motley filed a Section 2255 motion claiming that counsel was ineffective for failing to consult with him about the possibility of filing an appeal. (*Motley*, Docket # 128 at 4.) Although the United States and the Court were aware that "[a]s part of the plea agreement Motley waived his right to appeal except for claims based on 'ineffective assistance of counsel or prosecutorial misconduct'" (Docket # 128 at 9), neither treated the waiver as precluding Motley's ineffectiveness claim. (*Motley*, Docket # 128 at 4.) The Court held an evidentiary hearing on the claim and concluded that it was "not plausible" because, when asked about any conversation with counsel about an appeal, Motley testified "I don't remember having –

---

[8] Specifically, counsel testified he did not recall Morris asking for an appeal after sentencing, nor would he have advised Morris (as Morris claimed) that there were grounds for appeal given that Morris waived his right to appeal as part of his guilty plea. (*Morris*, Docket # 78 at 8.) In contrast, Morris's testimony was inconsistent in that he testified he requested an appeal only after sentencing but then testified he also requested it after his change of plea, but another attorney represented him at the change of plea proceeding. (*Id.*)

some briefly, but I really don't recall what was talked about." (*Id.* at 4.) In contrast, counsel testified "I can tell you that I absolutely discuss that [an appeal] with every client." (*Id.*)

An evidentiary hearing apparently is required in this case because (as noted above) Movant alleges that, following imposition of sentence on May 19, 2017, he spoke with counsel and "made clear his desire to appeal the Court's Judgment." (Docket # 160 at 6.)

**Order**

The Court being sufficiently advised, it is hereby ORDERED that a telephonic status conference will be SCHEDULED by separate order.

January 13, 2020

Lanny King, Magistrate Judge
United States District Court