# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CRIMINAL ACTION NO. 5:16-CR-00017-TBR

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

COREY A. THORSON                                                      DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court upon Defendant Corey Thorson's Emergency Motion for Compassionate Release. [DN 170.] The government has responded. [DN 172.] As such, this matter is ripe for adjudication. For the reasons that follow, Thorson's Motion [DN 170] is **GRANTED.**

### I. Background

Thorson was sentenced to a term of 51 months of imprisonment for bank fraud and five counts of aggravated identity theft. [DN 48.] He is currently located at FCI Ashland in Ashland, KY. Thorson is projected to be released on July 30, 2020. [DN 170-1 at PageID 1275.] He further states he is to be released to a half-way house around July 1, 2020.

Thorson states he has special medical needs due to an Achilles tendon tear and rectal bleeding. The colonoscopy that a physician's assistant at the BOP ordered to determine the cause of the rectal bleeding was canceled due to the COVID-19 pandemic. Thorson further states he has had difficulty while housed at FCI Ashland addressing his tendon tear and continues to experience pain.

### II. Legal Standard

"The court may not modify a term of imprisonment once it has been imposed except that-

>  (1) in any case—
>
>>  (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>  (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020) (citing *United States v. Marshall,* 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

When determining whether to grant compassionate release, courts must analyze the following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 § U.S.C. § 3553(a). *United States v. Marshall*, No. 3:16-cr-00004-JHM, 2020 WL 114437, * 1 (W.D. Ky. Jan 9, 2020) (citing 18 U.S.C. 3582(c)(1)(A)). The Court will address each factor in turn.

First, the Court must determine whether extraordinary and compelling reasons justify a sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." United States v. Webster, No. 3:91CR138 (DJN), 2020

WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission commentary provides that extraordinary and compelling reasons may exist due to the defendant's medical condition:

> A) Medical Condition of the Defendant.
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is-
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13.

### III. Discussion
### A. Exhaustion of Remedies

Thorson states he filed a Compassionate Release request on November 25, 2019 and requested a copy of this filing and all updates, but the documents have not been provided to him. He also states he file for Compassionate Release again on March 9, 202 but has not received a response or a copy of his request.

Although Thorson has not provided proof that he exhausted his remedies, the Court finds that the current pandemic warrants a waiver of this requirement. *See United States v. Zukerman*, 17-Cr.-194-(AT), 2020 WL 1659880 *2 (S.D. N.Y Apr. 3, 2020) ("Zukerman's exhaustion of the administrative process can be waived in light of the extraordinary threat posed—in his unique circumstances—by the COVID-19 pandemic."). "[T]he Court may waive the exhaustion requirement if a recognized exception applies. *Miller v. United States*, No. CR 16-20222-1, 2020

WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020) (citing *United States of America, v. Wilson Perez,* No. 17 CR. 513-3 (AT), 2020 WL 1546422, *2-3 (S.D. N.Y. Apr. 1, 2020). "These exceptions include waiver of exhaustion where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue" and "where pursuing agency review would subject plaintiffs to undue prejudice." *Miller,* 2020 WL 1814084 *2 (internal quotations omitted). A delay would unduly prejudice Thorson because COVID-19 is rapidly spreading. Requiring Thorson to wait for a response from the warden or continue to wait to receive his records only increases the likelihood of him contracting the virus. Therefore, the Court will waive this requirement. Further, the fact the government agreed to Thorson's release is evidence that the requirement should be waived.

**B. Extraordinary and Compelling Reasons**

Thorson cites to several cases in support of his motion for release. In *United States v. Brannan,* No. 4:15-cr-80-01 (S.D. Tx. Apr. 2, 2020), Brannan was to be imprisoned for a period of 36 months for one count of bank fraud. *Id.* at 1. He was 66 years old and suffered from high blood pressure and high cholesterol. *Id.* Prior to his conviction, Brannan was a licensed attorney and had no criminal history. *Id.* He had no disciplinary incidents while incarcerated for nine months at FCI Oakdale II in Oakdale, Louisiana. *Id.* at 2. "COVID-19 unleashed itself on the inmate population and staff at BOP's facilities in Oakdale, Louisiana, in March of 2020 in a terrifying manner not seen at any other BOP facility nationwide." *Id.* That facility experienced one inmate death, a guard admitted to the intensive care unit, 30 inmates and staff tested positive for the virus, and at least 60 inmates and staff in quarantine." *Id.* The satellite camp Brannan was housed in had no way to effectively engage in social distancing. *Id.* at 4. The Court found Brennan attempted to exhaust his administrative remedies but was unsuccessful. *Id.* at 5. Nonetheless, the

Court found that the spread of COVID-19 at the facility and Brannan's heightened risk warranted him being release. *Id.* at 7. The Court found Brennan posed a low risk to the community due to his status as a non-violent offender and the presence of a re-entry plan. *Id.*

Here, Thorson states there were three inmates in his unit in quarantine for suspected COVID-19 on the day he filed his motion. Thorson further stated multiple staff members were waiting results of COVID-19 tests. Although the outbreak here is not as dire as the outbreak in *Brannan*, the Court agrees with Thorson that he is at a greater risk with the underlying conditions he suffers. When weighing the time Thorson has remaining on his sentence against the risk of contracting the virus, the Court finds Thorson should be granted compassionate release.

The Court in *United States v. Foster,* No. 1:14-cr-324-02 (MD Pa. Apr. 3, 2020) came to a similar conclusion when dealing with an inmate that suffered from underlying conditions. Foster suffered from a lung condition and the Court found the risk to him was too great when considering he was approved for home confinement in forty-five days. *Id.* at 7. The Court considered the risk that the virus would spread rapidly if the prison population contracted it and how the medical facilities in the prisons would likely be unable to handle the influx of cases. *Id.* at 9. Here, the Court recognizes the same risk. Even though, at this point, the prison has not had an extreme outbreak, the risk for one is great and Thorson is more susceptible to the virus. Further, Thorson is set to be release to a half-way house in less than three months. The Court finds the proximity of Thorson's close release date and his underlying health conditions are compelling reasons to grant him compassionate release.

The Court finds Thorson's medical history and the current pandemic weigh heavily in favor of compassionate release. Thorson has served the vast majority of the sentence imposed against

him. These factors along with Attorney General Barr's guidance to grant home confinement for inmates warrants the Court's decision today to grant Thorson's request for compassionate release.

### IV. Conclusion

The government has no objection to granting Thorson's request for compassionate release based on Thorson's medical condition. The government does request the original term of three years of supervised release still be applied. [DN 48.] An Order will be entered separately.

**Thomas B. Russell, Senior Judge**
**United States District Court**

April 24, 2020

cc: counsel