IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>         *Plaintiff,* )<br>)<br>v. )<br>) Case No. 5:16-CR-00017 (TBR)<br>COREY A. THORSON, )<br>)<br>         *Defendant.* )<br>) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court by Corey A. Thorson's motion for early termination of his term of supervised release, (Mot. for Termination), Dkt. 181. The Government has responded, (Resp.), Dkt. 185. Thorson has replied, (Reply), Dkt. 187. In the alternative Thorson has also submitted a Motion for Hearing to End Supervision, (Mot. for Hearing), Dkt. 186.

For the reasons that follow, Thorson's Mot. for Termination, Dkt. 181, is **DENIED**, and Thorson's Mot. for Hearing, Dkt. 186, is **DENIED**.

**I.    FACTUAL BACKGROUND**

In May of 2017, Corey Thorson pleaded guilty to bank fraud and multiple counts of aggravated identity theft. *See* Judgment, Dkt. 48. By the terms of the Judgment and Commitment Order, Thorson was sentenced to a total of 51 months imprisonment to be followed by three years' supervised release. *See id.* Thorson has been released from custody for approximately 20 moths and now asks the Court to terminate his supervised release approximately 16 months early. *See* Mot. for Termination. In the alternative, Thorson asks for a hearing on the matter, citing the Government's response to support this position. *See* Mot. for Hearing.

1

## II. DISCUSSION

Section 3583(e)(1) of Title 18, United States Code "is the general section instructing district courts on the parameters of supervised release." *United States v. Suber*, 75 Fed. App'x. 442, 443 (6th Cir. 2003). Section 3583(e) provides as follows:

> (e) Modification of conditions or revocation—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e).

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *Suber*, 75 Fed. App'x. at 443–44. Additionally, "[t]he phrase 'interest of justice' gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *Id.* at 444 (citing *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999)). Factors to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the

applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

In addition to these factors, federal judicial policy requires that courts consider the following factors when evaluating the appropriateness of early termination of supervised release: stable community reintegration, progressive strides toward supervision objectives, no aggravated underlying convictions, no history of violence, no recent arrests, convictions, alcohol or drug abuse, and no identifiable risk to public safety. *Guide to Judiciary Policy*, Vol. 83 § 380.10(b) (2010).

After carefully considering the statutory requirements, the Court determines that the factors discussed above do not support Thorson's request for early termination of supervised release. The Court first considers the nature and circumstances of the offense and the history and characteristics of Thorson. *See* 18 U.S.C. § 3553(a)(1). Since beginning this supervision, Thorson has been charged twice by state authorities alleging new criminal conduct. *See* Resp. at 2. First, Thorson was charged with Impersonating a Police Officer and Harassing Communications. *See id.*; *see also* Mot. for Termination at 3. Although Thorson claims that these charges "were unwarranted and carried zero merit," he did serve over a month in jail for these charges.[1] *Ibid.*; *see also* Reply ¶ 1. Second, Thorson was charged with Assault Fourth Degree, which was dismissed in November of 2021. *See* Resp. at 2. This is all against the

---

[1] Thorson states that he served thirty-four days in jail for these charges; the Government states that Thorson served forty-five days in jail for these charges. *See* Mot. for Termination at 3; *see also* Resp. at 2. Either way, this is strong evidence that Thorson should remain on supervised release.

backdrop of a criminal history that includes charges for, among other things, harassing communications. *See* Presentence Investigation Report, Dkt. 44, ¶¶ 53–62. All of this information suggests that Thorson might be a danger to his community or others. *See* 18 U.S.C. § 3553(a)(2)(C).

On top of that, there is still a need for restitution. And contrary to Thorson's argument, the strictures of supervised release do not limit his ability to make restitution payments. *See* Reply ¶ 2. Furthermore, the Court does not find that the sentence imposed on Thorson presents an unwarranted sentence disparity when compared against defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6)–(7). Accordingly, the Court finds the sentence imposed to be commensurate with the charge. Underpinning all of this is the fact that the Government opposes early termination of supervision. *See* Resp. at 2. ("[I]t does not appear that the Defendant's conduct warrants early termination."); *see also id.* ("[T]he Defendant's conduct should not be rewarded with early termination of supervision.").

There is, therefore, no legal justification to reduce Thorson term of supervised release from three years to, effectively, 20 months. The Court concludes that continuation of this term is needed to reflect the seriousness of the offense, promote respect for the law, and to provide restitution. Thorson maintains that he continues to seek counseling and has made professional progress in the past year. *See* Mot. for Termination. The Court encourages Thorson to continue to comply with the terms of his supervised release, but feels it is premature to reduce his term at this time. As such, Thorson's Mot. for Hearing is also denied at this time for these same reasons.

### III. CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Thorson's Motion, Dkt. 181, is **DENIED**, and Thorson's Mot. for Hearing, Dkt. 186, is **DENIED**.

**IT IS SO ORDERED**

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 23, 2022

cc: Counsel

Corey A. Thorson
98 Boaz Cemetery Road

Boaz, KY 42027